McClure v. State.

## McClure v. State.

1. Liquor: *Indictment for selling : The Evidence*

A. asked the defendant in his field if he had any whiskey, and
was told that there was some at the house. A. expressed a
strong desire for a dram. Defendant replied "all right, I'm
tired working and had as lief walk to the house as not." On
arriving at the house A. was taken up stairs, the lower room
being occupied by defendant as a residence. Defendant poured
from a jug, a drink for A. and one for himself. There was sugar
the e and two or three bottles of whiskey on a shelf. A. took
one of them, holding a pint, and put it in his pocket, laying a
half dollar on a table. Defendant was in the room and there
was nothing to prevent him from seeing what A. was doing,
but he did not direct or encourage A. to take the bottle; but A.
wanted the whisky and left what he thought was the worth of
it. The Jury found the defendant guilty and this court refuses
to disturb their verdict.

McClure v. State.

APPEAL from *Sebastian* Circuit Court,
Hon. R. B. RUTHERFORD, Circuit Judge.

*Clendenning & Sandels* for appellant.

*C. B. Moore, Att'y Gen'l.* for appellee.

The instructions of the court are not embodied in the bill of Exceptions—nor do they appear in the transcript.

The evidence, circumstances and surroundings clearly establish, that witness purchased and appellant *did sell* the whisky. It was the merest subterfuge to evade the law.

SMITH, J. The appellant was tried and convicted upon an indictment for selling ardent liquors without license. The only ground of the motion for a new trial was, that the verdict was contrary to law and not sustained by sufficient evidence.

As the charge of the court is not contained in the transcript, we have no means of determining whether the Jury were properly instructed, but for the purpose of this appeal will take it for granted that they were.

The evidence in brief was that Blair Alexander asked the appellant in his field if he had any whiskey and was told there was some at the house. Alexander expressed a strong desire to get a dram. Appellant replied "All right, I'm tired working and had as lief walk to the house as not." On arriving at the house, witness was taken up stairs, the lower story being occupied by appellant as a residence. Appellant poured out from a jug, a drink for witness and one for himself. There was sugar there and two or three bottles of whiskey on a shelf. One of these bottles, holding a pint, witness took down and thrust into his coat pocket, laying down a silver half-dollar on a table. Appellant was in the room and within six or eight feet of witness and there was

nothing to prevent him from seeing what witness was doing. Appellant did not direct nor encourage witness to take the bottle, but witness' idea was that he wanted the whiskey and left what he thought was the worth of it in money.

We think it sufficiently likely that the appellant was guilty that we shall not invade the province of the jury.

Affirmed.